*234 At February Term, 1771. The Coutt of Appeals reversed the judgment of the Provincial Court as to the last exception.
Short notes of points raised at the trial of this cause.
Question. Whether the deposition of Franklin, taken under a rule of the last Court, because he was then sick and unable to attend, shall now berread in evidence, he being able to attend ? Cases cited, 1 Salk. 281. 2 Salk. 690. Comb. 63. 1 Keb. 36. 249. 787. 2 Keb. 13. Gilb. Eq. Rep. 16. 18. 11 Mod. 210. Trials per Pais, 385, 386.
No person can make a bargain and sale, who hath not the actual possession at the time of the sale: if he hath not, then the deed must be sealed upon the land, upon an entry for that purpose, for the entry puts the party grantor into possession, and purges disseisin. Carter, 161. 2 Inst. 672. 1 Lev. 270, 271, 272. 3 Lev. 312. 387, 388. Cro. Eliz. 483. pi. 19.
The following is a note of Samuel Chase, Esquire, then a practising attorney of the Provincial Court:
It has been determined that the relation of an escheat grant to the original certificate, shall not defeat mesne lawful grants. This was the case of Bladen’s- Lessee v. Cockey, (about October, 1766.) The substance of that case was as follows : A tract of, land, called Curse’s Forest, was originally granted to Robert Carse in 1696. It was granted to George Stewart as escheat in 1746. In 1721, the same land was granted to John Cockey, by the name of Cockey’s Folly. The question was whether the grant to Cockey in 1721, was not an elder title than the escheat grant to Dr. Stewart in 1746, under whom Bladen claimed? 3 Lev. 285. 2 Vent. 200. Cro. yac. 512. 10 Co. 49.
*235 The following opinion was given in the case of Bladen Cockey.
D. Dulany's opinion.
I must confess that I have great doubts of the propriety in examining the Jurors in the former trial, nor has any instance occurred to me of its ever having been done upon looking into tbe rules of evidence.
A former verdict, without doubt, may be offered j but unless the record be produced, if every one of the former Jurors should be ready to testify that such verdict had passed, they would not be admitted. The record, therefore, being the proper evidence, it should seem that the weight of it should depend upon itself, and parol proof not be admitted, particularly in any manner to lessen the weight of the record.
The former verdict shews the opinion of the former Jurors, and as much as any thing, they can now properly declare. Should a Juror declare that he gave his verdict, because the witness A. gave such evidence as he credited, and the witness B. such as he disbelieved, must not that be very improper, unless you go into the inquiry what did A. and B. declare upon the former trial, and if A. and B„ are alive, and capable of being produced, or if their depositions were before read, and may now again be produced, would this be proper ?
If the witness be dead, and gave his evidence viva voce: a Juror may be examined to what he declared; but so may any other person who was present at the former trial, and, therefore, such evidence is not given by him in his character of being a former Juror 5 but I think the objection is much stronger, when the Juror is introduced to weaken the verdict on record, for while it stands unattainted, it must be considered in all respects as a verdict.
Why was this evidence admitted before^, and why not now?
*236 Answer. We might think it was in ourfavour, because , , . . . , we had it m our power to conlront it, and to give our cause a better countenance; for we then had a witness (who is now disabled from attending) to prove great unanimity of the Jury. If motives are suggested it is proper to account for them.
But suppose a Juror should still be admitted, I am very strongly of opinion that he can only speak for himself, only declare his own inducements, and not what were the motives of the other Jurors; for surely this would be admitting a kind of evidence, which the rule “ that better ought to be given when better can be offered” opposes, and this will be still stronger, when one Juror is produced to declare, that his brethren did not decide according to the evidence, when the record proves that they did.